Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3523 | **DATE** | 2/18/2004 |
| **CASE TITLE** | Walton vs. The Bureaus, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Docs 11-1 & 19-1) motion to dismiss Walton's complaint is granted. All other pending motions are moot. Final judgment entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 9 2004

| | |
|---|---|
| SOYINI WALTON, | ) |
| Plaintiff, | ) |
| vs. | ) 03 C 3523 |
| THE BUREAUS, INC.; THE BUREAUS INVESTMENT GROUP #5, LLC; MICHAEL B. SLOTKY; JIM JANOUSEK; UNKNOWN PARTIES; ALL PRINCIPALS, OFFICERS, AGENTS, AND ASSIGNEES, TRUSTEES, UNDERWRITERS, AND UNKNOWN HOLDERS OF INTEREST; ADVANTA CORP.; and DENNIS ALTER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendants The Bureaus Investment Group #5 LLC's ("The Bureaus") and Advanta Bank Corporation's ("Advanta") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons set forth below, the motion is granted.



## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the complaint as true and construe all inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Furthermore, because the Plaintiff is a *pro se* litigant, this court will employ a more liberal standard of review than would otherwise be used. Haines v. Kerner, 404 U.S. 519, 520 (1972).

On May 23, 2003, Plaintiff Soyini Walton ("Walton") filed a complaint against The Bureaus, Advanta, and other defendants. The dispute concerns a $12,000 debt at one time owed by Walton to Advanta. Walton claims that the debt has been paid off, an assertion that Advanta disputes. In any event, The Bureaus purchased the debt from Advanta, which it is now attempting to collect from Walton. Walton's complaint alleges violations of the Fair Debt Collection Practices Act, defamation of character, and copyright infringement.

On August 27, 2003, Walton failed to appear at a status hearing and we dismissed her complaint for want of prosecution. On September 26, 2003, Walton filed a motion to reinstate her case, which we granted on October 21, 2003. In September 2003 Walton delivered a copy of her motion to reinstate to Eric Ferleger, an attorney representing The Bureaus in its state court collection action against Walton.

At a November 12, 2003, status hearing, we informed Walton that The Bureaus had yet to be properly served and granted The Bureaus' oral motion to quash service of summons and the complaint. We then ordered Walton to properly serve all defendants by December 12, 2003. By her own account, Walton did not serve either The Bureaus or Advanta until December 31, 2003. The Bureaus and Advanta each counter that they have yet to be properly served. They now move to dismiss Walton's compliant for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed due to "insufficiency of service of process." When a defendant files a 12(b)(5) motion, the plaintiff assumes the burden of making a prima facie showing that service was proper. Miles v. WTMX Radio Network, 2002 WL 31369424 (N.D. Ill. 2002). Federal Rule of Civil Procedure 4(h) prescribes the appropriate methods for service of process upon corporations and associations and thus governs how process should be served on The Bureaus, a limited liability corporation ("LLC"), and Advanta, a corporation. Rule 4(h)(1) allows for serving process on a corporation or LLC by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process . . . ."

The rule also permits service of process "pursuant to the law of the state in which the district court is located...." Id. (referencing F.R.C.P. 4(e)(1)). Under the applicable Illinois statute:

> A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.

735 ILCS 5/2-204.

If proper service is not made upon a defendant within 120 days of the filing of the complaint, a court shall dismiss the complaint, without prejudice, or "shall extend the time for service for an appropriate period" if the plaintiff shows good cause for failing to effect proper service. F.R.C.P. 4(m); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 339 (7th Cir. 1996). Even if a plaintiff does not demonstrate good cause, a court, in its discretion, may allow the plaintiff a reasonable extension of time to effectuate service. Henderson v. U.S., 517 U.S. 654, 662 (1996). However, a court is not permitted to excuse service altogether, even if the defendant has actual notice of the lawsuit. McMasters v. U.S., 260 F.3d 814, 817 (7th Cir. 2001). *Pro se* litigants, such as Walton, are not excused from complying with Federal Rule of Civil Procedure 4's requirements. Id. at 818. With these considerations in mind, we now turn to the present motion.

## DISCUSSION

By November 12, 2003, far more than 120 days had passed since Walton originally filed her complaint and we determined that The Bureaus had not been properly served. At that time we ordered Walton to effectuate service on all defendants by December 12, 2003. By allowing Walton a thirty day extension, we certainly provided her a reasonable and adequate amount of time to properly serve defendants pursuant to Federal Rule of Civil Procedure 4(m). However, Walton failed to comply with this directive, as by her own admission the defendants were not served until December 31, 2003 (according to the defendants, they have yet to be properly served). Because Walton has not shown that she can follow the Federal Rules of Civil Procedure, as well as the instructions of this court, we will grant The Bureaus' and Advanta's motion to dismiss her complaint for not serving process within the allotted time period. See Miles, 2002 WL 31369424 at *6-7.

## CONCLUSION

Based on the foregoing analysis, The Bureaus' and Advanta's motion to dismiss Walton's complaint is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 1 8 2004